THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| IN RE: | CHAPTER 13 PROCEEDING |
|---|---|
| NICOLE F. ROSSITTO, | CASE NO. BK10-82025 |
| Debtor. | |

**CHAPTER 13 PLAN OF REORGANIZATION**

1. **PAYMENTS.**

    The Debtor or Debtors (hereinafter called "Debtor") submit to the Standing Chapter 13 Trustee all projected disposable income to be received within the applicable commitment period of the Plan. Payment schedule is as follows:

    A. **Monthly payment amount**: $ 1,135.00
    B. **Number of payments**: 60
    C. **Total Plan Base amount**: $68,100.00

The payments shall be withheld from the Debtors paycheck: YES

**Employer's Name:** Blue Cross/Blue Shield
       **Address:** 7261 Mercy Road
   **City, State:** Omaha NE 68124-0001
   **Phone Number**:

 Debtor is paid: Semi-monthly

The Plan cures any previous arrearage in payments to the Chapter 13 Trustee under any prior Plan filed in this case.

**NOTE: PLAN PAYMENTS TO THE TRUSTEE MUST BEGIN IMMEDIATELY FOR PLAN REQUIRE PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS OR LEASE PAYMENTS. IN THOSE CASES PROVIDING FOR EMPLOYER DEDUCTIONS, THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE BY MONEY ORDER OR CASHIERS CHECK UNTIL THEIR EMPLOYER DEDUCTION BEGINS. IN CASES WITHOUT PRE-CONFIRMATION PAYMENTS, PLAN PAYMENTS MUST COMMENCE WITHIN 30 DAYS OF FILING OF THE PLAN. THE DEBTOR MUST MAKE DIRECT PAYMENT TO THE TRUSTEE UNTIL THEIR EMPLOYER DEDUCTION BEGINS.**

2. **ORDER OF PAYMENT OF CLAIMS**.

    Applicable Trustee fees shall be deducted from each payment disbursed by the Trustee. Claims shall be paid in the following order: 1) 11 U.S.C. § 1326(a)(1)(B)&(C) pre-confirmation payments for adequate protection or leases of personal property; 2) payments to secured creditors under 11 U.S.C. § 1325(a)(5), payments due on executory contracts, the Debtor's attorney fees, §507(a)(1)(A) priority domestic support claims and approved Chapter 7 Trustee compensation; 3) Other administrative expense claims under 11 U.S.C. §503; (4) Other priority claims in the order specified in 11 U.S.C. § 507(a) including post-petition tax claims allowed under 11 U.S.C. § 1305; (5) Co-signed consumer debts; (6) General unsecured

claims. Unless otherwise noted, claims within each class shall be paid pro rata. If funds remain after payment of specific monthly payments provided for in the Plan, the Chapter 13 Trustee may distribute those funds to secured creditors in payment of their allowed secured claims.

3. **§ 1326(a) PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS AND LEASE PAYMENTS**.

The following pre-confirmation adequate protection payments on claims secured by personal property and pre-confirmation lease payments for leases of personal property shall be paid by the Trustee to the below listed creditors without entry of an order of the Court. The Debtor proposing pre-confirmation payments will <u>immediately</u> commence Plan payments to the Trustee. Creditors must file a proof of claim to receive payment. Payments by the Trustee shall commence to these creditors within 30 days of the filing of the proof of claim unless the Trustee does not have funds available within 7 working days prior to the end of the 30 day period. Post-confirmation payments are provided for below in Paragraph 6 and 7 of this Plan.

> **Creditors Name and Full Address:** 1st Nebraska Educator's Credit Union, 4203 South 120th Street, Omaha NE 68137
> **Last Four Digits of Account Number:** 75-04
> **Date of Next Payment Due:** August of 2010
> **Payment Amount:** $488.14

**The creditor, 1st Nebraska Educator's Credit Union ,shall receive $488.14 per month pre-confirmation adequate protection payments. The creditor shall continue to receive a minimum of $488.14 per month adequate protection payments post-confirmation until all attorney fees and costs have been paid in full.**

4. **ADMINISTRATIVE CLAIMS**.

Trustee fees shall be deducted from each payment disbursed by the Trustee.

Debtor(s) Attorney shall file a separate fee application requesting fees and costs. **ATTORNEY FEES AND COSTS ALLOWED SHALL BE PAID PRIOR TO PAYMENT OF SECURED CLAIMS LISTED IN PARAGRAPH NUMBER 6.**

5. **PRIORITY CLAIMS**.

11 U.S.C. § 1322(a) provides that all claims entitled to priority under 11 U.S.C. § 507(a) shall be paid in full in deferred cash payments unless the holder of a particular claim agrees to a different treatment of such claim except for a priority claims under 11 U.S.C. § 507(a)(1)(B). It is further provided that any and all pre-petition penalties, and post-petition penalties and interest, which have attached or will be attached to any such claim, shall be treated as a general unsecured claim and not entitled to priority. Such claims are as follows:

A. **Domestic Support Obligations**:

   1. _x_ None. If none, skip to Priority Taxes.

B. **Arrearages owed to Domestic Support Obligation holders under 11 U.S.C. § 507(a)(1)(A)**:

   1. _x_ None. If None, skip to subparagraph C below.

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. § 507(a)(1)(B)**:

   1. _x_ None. If none, skip to Priority Tax Claims.

D. **Priority Tax Claims Including Post-Petition Tax Claims Allowed Under 11 U.S.C. § 1305:**

   Federal:  $0.00
   State:    $0.00
   Total:    $0.00

E. **Chapter 7 Trustee Compensation allowed under §1326(b)(3)**:

   N/A

F. **Other Priority Claims**: NONE

6. **SECURED CLAIMS**

   A.(1)**Home Mortgage Claims**: Bank of the West

   Unless otherwise provided in this Plan, Debtor shall pay all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due beginning with the first due date after the case is filed and such creditor shall retain any lien securing its claim. Any pre-petition arrearage shall be paid through this Chapter 13 Plan with interest as provided below and in equal monthly payments as specified below. The amount of pre-petition arrears is determined by the proof of claim, subject to the right of the debtor to object to the amount set forth in the claim.

   **Name of Creditor:** Bank of the West
   **Property Description:** Home Residence
   **Estimated Pre-Petition Arrearage:** $15,000.00
   **Pre-Confirmation Interest Rate & Dollar Amount Limit, if any:** 5.75%
   **Post-Confirmation Interest Rate:** 5.75%

> **Monthly Payment Amount on Pre-Petition Arrears:** $288.25 per month after all attorney fees and costs are paid in full
> **Total Payments on Pre-Petition Arrears Plus Interest:** $17,295.00

**Home Second Mortgage Claims:** Bank of the West

Unless otherwise provided in this Plan, Debtor shall pay all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due beginning with the first due date after the case is filed and such creditor shall retain any lien securing its claim. Any pre-petition arrearage shall be paid through this Chapter 13 Plan with interest as provided below and in equal monthly payments as specified below. The amount of pre-petition arrears is determined by the proof of claim, subject to the right of the debtor to object to the amount set forth in the claim.

> **Name of Creditor:** Bank of the West
> **Property Description:** Home Residence
> **Estimated Pre-Petition Arrearage:** $1,800.00
> **Pre-Confirmation Interest Rate & Dollar Amount Limit, if any:** 4.75%
> **Post-Confirmation Interest Rate:** 4.75%
> **Monthly Payment Amount on Pre-Petition Arrears:** $33.76 per month after all attorney fees and costs are paid in full
> **Total Payments on Pre-Petition Arrears Plus Interest:** $2,025.60

A.(2) **The following claims secured by real property shall be paid in full through the Chapter 13 Plan:**

> **N/A**

B. **Post-Confirmation Payments to Creditors Secured by Personal Property.**

Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraph (1) and (2). If the debtor elects a different method of payment, such provision is set forth in subparagraph (3).

1. **Secured Claims to which § 506 Valuation is NOT applicable:**

    Claims listed in this subsection are debts secured by a purchase money security interest in a personal motor vehicle, incurred with 910 days of filing of the bankruptcy OR debts secured by a purchase money security interest in "any other thing of value", incurred within one year prior to filing of the bankruptcy. These claims will be paid in full with interest as provided below and in equal monthly payments as specified below:

        **Name of Creditor:** 1st Nebraska Educator's C U
        **Property Description:** 2007 Acura MDX
        **Estimated Claim Amount:** $24,652.00
        **Pre-Confirmation Interest Rate & Dollar Amount Limit, if any:** 7%
        **Post-Confirmation Interest Rate:** 7%
        **Monthly Payment Amount:** $488.14 after all attorney fees and costs are paid in full
        **Total Payments Plus Interest:** $29,884.00

    2. **Secured Claim to which § 506 Valuation is applicable:**

Claims listed in this subsection are debts secured by personal property <u>not</u> described in the prior paragraph of this Plan, 6(B)(1). These claims will be paid either the value of the secured property or the amount of the claim, whichever is less, with interest as provided below and in equal monthly payments as specified below. The portion of a claim that exceeds the value of the secured property will be treated as an unsecured claim. The value of the secured property is determined by the proof of claim, subject to the right of the debtor to object to such valuation.

        **Name of Creditor:** Nebraska Furniture Mart
        **Property Description:** Electronics and Television
        **Estimated Value of Security or Amount Owed (use lowest amount):** $3,500.00
        **Pre-Confirmation Interest Rate & Dollar Amount Limit, if any:** 7%
        **Post-Confirmation Interest Rate:** 7%
        **Monthly Payment Amount:** $69.31
        **Total Payments Plus Interest:** $4,158.60

    3. **Other provision:** NONE

  **C)** **Surrender of Property:** NONE

  **D)** **Lien Avoidance:** NONE

7. **EXECUTORY CONTRACTES/LEASES:** NONE

8. **CO-SIGNED UNSECURED DEBTS:** NONE

9. **UNSECURED CLAIMS:**

A) Allowed unsecured claims shall be paid pro rata from all remaining funds.

10. **ADDITIONAL PROVISIONS:**

A) If there are no resistances/objections to confirmation of this Plan or after all objections are resolved, the Court may confirm the Plan without further hearing.

B) Property of the estate, including the debtor's current and future income, shall revest in the debtor at the time a discharge is issued, and the debtor shall have sole right to use and possession of property of the estate during the pendency of this case.

C) In order to obtain distributions under the Plan, a creditor must file a proof of claim within ninety (90) days after the first date set for the Meeting of Creditors except as provided in 11 U.S.C. § 502(b)(9). Claims filed after this bar date shall be disallowed except as provided in Bankruptcy Rule 3002.

D) Unless otherwise provided in this Plan or ordered by the Court, the holder of each allowed secured claim provided for by the Plan shall retain its lien securing such claim as provided in 11 U.S.C. § 1325 (a)(5)(B).

### NOTICE OF RESISTANCE DEADLINE

**ANY RESISTANCE TO THIS CHAPTER 13 PLAN OF REORGANIZATION OR REQUEST FOR A HEARING MUST BE FILED IN WRITING WITH THE BANKRUPTCY CLERK'S OFFICE (SEE ORIGINAL NOTICE OF BANKRUPTCY FOR ADDRESS) AND SERVED ON THE ATTORNEY FOR THE DEBTOR AT THE ADDRESS LISTED BELOW (OR SERVED ON THE DEBTOR, IF NOT REPRESENTED BY AN ATTORNEY), ON OR BEFORE:**

September 14, 2010

**IF A TIMELY RESISTANCE OR REQUEST FOR A HEARING IS FILED AND SERVED, THE BANKRUPTCY COURT WILL HANDLE THE RESISTANCE IN ACCORDANCE WITH GENERAL ORDER NO. 07-01. IF THERE ARE NO OBJECTIONS TO THE PLAN AS FILED, THE COURT MAY CONFIRM THE PLAN WITHOUT FURTHER HEARING.**

### CERTIFICATE OF SERVICE

On July 29, 2010, the undersigned mailed a copy of this Chapter 13 Plan of Reorganization to all creditors, parties in interest and those requesting notice by regular United States mail, postage prepaid. The parties to whom notice was mailed are either listed below or on the attached mailing matrix. The undersigned relies on the CM/ECF system of the United States Bankruptcy Court to provide service to the following: Kathleen A. Laughlin, Chapter 13 Trustee and the U.S. Trustee.

Dated: July 29, 2010
NICOLE F. ROSSITTO, Debtor

BY: */S/ Albert P. Burnes*
    Albert P. Burnes, #18537
 of BURNES LAW OFFICE

```
                                        Attorney for the Debtor
                                        11920 Burt Street, Suite 155
                                        Omaha, NE 68154-1598
                                        Telephone No. (402) 344-0880
                                        Telefax  No.  (402) 344-0270
Pnrp0710
```

**EXHIBIT "A"**

Bank of the West
POB 4000
Alameda CA 94501

First Nebraska Educator's Credit Union
4203 South 120th Street
Omaha NE 68137

Nebraska Furniture Mart
c/o Jennifer J Taylor
Attorney at Law
8712 West Dodge Rd, #400
Omaha NE 68114

Michael A Rossitto
13330 Larimore Avenue, #113
Omaha NE 68164

Wells Fargo Educational Services
POB 5185
Sioux Falls SD 57117

HSBC
POB 60147
City of Industry CA 91716

U S Bank
POB 1800
St Paul MN 55101

U S Bank
POB 790408
St Louis MO 63179

UNMC
c/o ACS
POB 27238
Omaha NE 68127

FIA Card Services
c/o RAB Inc
POB 1022
Wixom MI 48393

Lowes
POB 530914
Atlanta GA 30353

Lowes
c/o Allied Interstate
POB 1962
Southgate MI 48195

HSBC
POB 60119
City of Industry CA 91716

Fort Street Veterinarian
14345 Fort Street, #500
Omaha NE 68164

Discover
POB 6103
Carol Stream IL 60197

Citi Diamond
Box 6500
Sioux Falls SD 57117

Citi Cards
POB 688901
Des Moines IA 50368

Capital One Bank
4851 Cox Road
Glen Allen VA 23060

Precision Recovery Analytics
c/o Bonded Collection Corporation
POB 1022
Wixom MI 48393

Bank of America
POB 851001
Dallas TX

Citicorp Credit Services Inc
Allianceone Receivables Management Inc
POB 3107
Southeastern PA 19398

Alegent Health
Bergan Mercy Hospital
Dept 0985
POB 3366
Omaha NE 68176

Michael Lustgarten
Attorney at Law
1625 Farman Street, #900
Omaha NE 68102

Michael A. Rossitto
c/o Richard J. Henkenius
Attorney at Law
209 South 19th Street, #400
Omaha NE 68102

Douglas County Attorney
428 Hall of Justice
Omaha NE 68183

Douglas County Treasurer
H03 Civic Center
Omaha NE 68183

United States Trustee's Office
Roman L Hruska U S Courthouse
111 South 18th Plaza, Ste 1148
Omaha NE 68102

Kathleen A Laughlin
Attorney at Law
Chapter 13 Trustee
13930 Gold Circle Ste 201
Omaha NE 68144

Nicole F Rossitto
6241 North 155th Avenue
Omaha NE 68116

Chapter 13 Proceeding
Matrix 2010
Rev. 07/29/10